**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN CERDA, | ) NO. ED CV 05-810-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on August 31, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

September 16, 2005.  Plaintiff filed a motion for summary judgment on January 23, 2006.  Defendant filed a cross-motion for summary judgment on February 13, 2006.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed September 1, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability beginning January 21, 1999, based on alleged physical and mental impairments (Administrative Record ("A.R.") 295, 347, 380, 513).  Dr. Arteaga-Hernandez, a treating physician, opined Plaintiff is disabled from employment because of degenerative arthritis in the left ankle and chronic lower back pain from a disk herniation (A.R. 347).  Dr. Larsen, a psychologist, opined Plaintiff is unable to work because of depression (A.R. 380).

In finding Plaintiff not disabled, the Administrative Law Judge ("ALJ") commented that the state agency review physicians "thought the findings of Dr. Arteaga-Hernandex [sic] were not supported by the objective findings at all" (A.R. 514).  The ALJ's decision fails to mention the opinion of Dr. Larsen, but implicitly rejects this opinion by finding Plaintiff has no severe mental impairment (A.R. 512-17).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see

Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr.

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1  Hoeflich's opinions in order to evaluate them, he had a duty to
2  conduct an appropriate inquiry, for example, by subpoenaing the
3  physicians or submitting further questions to them.  He could also
4  have continued the hearing to augment the record") (citations
5  omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
6  1983) ("the ALJ has a special duty to fully and fairly develop the
7  record and to assure that the claimant's interests are considered").

9       In the present case, the ALJ erred by rejecting Dr.
10 Hernandez's opinion without stating specific, legitimate reasons for
11 doing so.  See, e.g., Embrey v. Bowen, 849 F.2d at 421 ("To say that
12 the medical opinions are not supported by sufficient objective
13 findings or are contrary to the preponderant conclusions mandated by
14 the objective findings does not achieve the level of specificity our
15 prior cases have required . . .").  Moreover, further inquiry of
16 Dr. Hernandez should precede a final determination of whether
17 Dr. Hernandez's opinion of disability is not adequately explained or
18 supported.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996);
19 20 C.F.R. § 404.1512(e).

21      The ALJ's failure even to mention Dr. Larsen's opinion is also
22 problematic.  Although there may be some question regarding whether
23 Dr. Larsen qualifies as a "treating physician," it does appear
24 Dr. Larsen was "employed to cure."  See Sprague v. Bowen, 812 F.3d
25 1226, 1230 (9th Cir. 1987) (opinion of treating physician is given
26 deference because treating physician "is employed to cure and has a
27 greater opportunity to know and observe the patient as an
28 individual"); see also Ghokassian v. Shalala, 41 F.3d 1300, 1303

4

(9th Cir. 1994) (physician who saw claimant only twice within a fourteen-month period qualified "without doubt" as a "treating physician"). The ALJ should not have rejected Dr. Larsen's opinion without inquiring further of Dr. Larsen and without discussing Dr. Larsen's opinion in the ALJ's decision. Although Defendant now offers reasons for disregarding Dr. Larsen's opinion, the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

The ALJ also erred in finding that Plaintiff's alleged mental impairments are not severe. Social Security Ruling ("SSR") 85-28[2] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .
>
> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable

---

[2] Social Security Rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

>  to determine clearly the effect of an impairment or
>  combination of impairments on the individual's ability
>  to do basic work activities, the sequential evaluation
>  process should not end with the not severe evaluation
>  step.
>
>  If such a finding [of non-severity] is not clearly
>  established by medical evidence, however, adjudication
>  must continue through the sequential evaluation
>  process.  SSR 85-28 at 22-23.

See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish[ ]" the non-severity of Plaintiff's mental impairments. Not only did Dr. Larsen opine Plaintiff's alleged mental impairments prevent her from working, but an examining psychiatrist previously had rated Plaintiff's global assessment of function at 50 (A.R. 194). The fact that the record also contains conflicting evidence does not "clearly establish []" the non-severity of Plaintiff's alleged mental impairments.

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case.  In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  Harman at 1178 (citations and quotations omitted).  Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[3] the Harman holding does not direct reversal of the present case. Here, the Administration must recontact treating physician(s) concerning "outstanding issues that must be resolved before a determination of disability can be made."  Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinion(s) of the treating physician(s) credited.

---

[3] The Ninth Circuit has continued to apply Harman despite INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

7

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 15, 2006.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.